UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JALENE GILBERT and TOM GILBERT,<br><br>         Plaintiffs,<br><br>   v.<br><br>BANK OF AMERICA, N.A., as successor to COUNTRYWIDE HOME LOANS, INC., a Delaware corp.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS), a Delaware corp.; RECONTRUST COMPANY, N.A., a corporation of unknown origin and a wholly-owned subsidiary of Bank of America, N.A.; FEDERAL NATIONAL MORTGAGE ASSOC., a federally chartered corp.; and DOES 1-10, as individuals or entities with an interest in the property commonly known as: 11772 Purple Sage Road, Middleton, Idaho 83644,<br><br>         Defendants. | Case No. 1:11-cv-00272-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

   Before the Court is Defendants' Motion to Dismiss (Dkt. 5), and Defendant's unopposed Motion to Take Judicial Notice (Dkt. 6). The Court has determined that oral argument would not significantly assist the decisional process, therefore the matters will be considered on the record and pleadings, without a hearing. Having thoroughly

reviewed the record and parties' pleadings, the Court will grant the Motions (Dkts. 5, 6) and dismiss Plaintiff's Complaint (Dkt. 1) with leave to amend, as more fully expressed below.

## BACKGROUND

According to the Complaint (Dkt. 1), Plaintiffs Jalene and Tom Gilbert financed the purchase of real property at 11772 Purple Sage Road in Middleton, Idaho, 83644, on September 21, 2007, with a loan from Capital One Home Loans. *Compl.*, at ¶¶ 1, 9-11. The loan was memorialized in a promissory note (Ex. A to *Dina Aff.*, Dkt. 6-1), and secured by a Deed of Trust (Ex. B to *Dina Aff.*, Dkt. 6-2). The Deed names Capital One as lender, Lawyers Title Realty Service as trustee, and MERS as the nominee of the beneficiary. *Id.* According to Plaintiffs, Capital One was acquired by Countrywide Home Loans, which was in turn acquired by Bank of America. *Compl.* at 9.

Plaintiffs acknowledge they defaulted on their mortgage payments, triggering the issuance of a Notice of Default on December 24, 2010, which indicated that as of December 28, 2010, they were $14,497.56 in arrears. Ex. A to *Compl.*, Dkt. 1-1. Upon Plaintiffs' default, the beneficial interests in the Note and Deed were assigned to BAC Home Loan Servicing, and ReconTrust was appointed successor trustee. Exs. B & C to *Compl.*, Dkts. 1-2, 1-3.

On June 10, 2011, Plaintiffs brought this action to quiet title to the property, to require Defendants to produce the Note, to determine Defendants' interest in the property, and for attorney fees and costs. Defendants now move to dismiss.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id. at 557*.

In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. See *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure

from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*).[1] The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim . . .." Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* it is uncertain whether the language in *Harris v. Amgen* has much of a life expectancy.

ANALYSIS

1.  **Motion To Take Judicial Notice**

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 (9th Cir. 2004). Defendants move the Court to take judicial notice of certain documents recorded in public records of Canyon County, and relied upon by Plaintiffs in their Complaint. *Motion*, Dkt. 6. Plaintiffs filed no opposition. There being no objection, and the Court finding Defendants' Motion (Dkt. 6) otherwise supported, the Court will grant the motion.

2.  **Motion to Dismiss**

Plaintiffs' sole claim against Defendants is an action to quiet title. *Compl.* at 3. In Idaho, "[a] mortgagor cannot without paying his debt quiet title as against the mortgagee." *Trusty v. Ray*, 249 P.2d 814, 817 (Idaho 1952). This is true even where the mortgagee has failed to pursue a foreclosure action within the applicable statute of limitations. *Id.*; *see also In re Mullen*, 402 B.R. 353, 358 (Bankr.D.Idaho 2008). Here, Plaintiffs have included no assertion in their Complaint that they tendered payment of their debt obligation. Without evidence or even an assertion that Plaintiffs can or are

willing to tender payment on their loan, they cannot succeed on their quiet title action, as a matter of law.

As noted above, leave to amend should be granted unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris*, 573 F.3d at 737. Here, Defendants have moved for dismissal based on the absence of facts necessary to support Plaintiffs' quiet title claim – namely that Plaintiffs are able to or did tender the balance of their loan. *Pl. Mot.*, Dkt. 5-1 at 7. In their response, Plaintiffs do not challenge Defendants' assertion, nor otherwise indicate that they could or did tender payment on the loan. Indeed, Plaintiffs acknowledge receiving a Notice of Default and attach the notice as an exhibit to the Complaint. Ex. A to *Compl.* Instead of challenging the Notice's validity based on tender of payment, Plaintiffs argue – among other points – that ReconTrust lacked legal authority to execute the Notice because it was not properly appointed by Bank of America. *Compl.* at 4-5. However, even if the Court agreed with Plaintiffs' arguments, none can supplant the absence of tender – an element necessary to their claim.

Thus, for Plaintiffs to proceed they must allege that they did or can tender payment. Plaintiffs not having alleged tender, the Court will grant Defendants' motion, but with leave for Plaintiffs to amend, if Plaintiffs are able to do so in good faith. If Plaintiffs amend their complaint to include good faith allegations that they tendered payment, the Court will address Defendants' remaining arguments to dismiss, and issue a separate decision.

## ORDER

IT IS ORDERED:

1. Defendants' Motion to Dismiss (Dkt. 5) is GRANTED.

2. Plaintiffs are granted LEAVE TO AMEND, and shall have 14 days from the date of this Order to file an Amended Complaint that addresses tender of payment on Plaintiffs' loan, as discussed in this decision above.

3. If no Amended Complaint is filed by the deadline set forth above, the Court the Court will DISMISS matter with prejudice, by separate order and judgment.

4. Upon Plaintiffs' filing of an Amended Complaint, the Court will address Defendants' remaining arguments in their Motion (Dkt. 5), by separate order.

DATED: September 15, 2011

_____
B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 7